**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

REGINA VARNER,

      Plaintiff,

v.                                                    CASE NO. 3:09-cv-1026-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

## O R D E R

This matter is before the Court on Plaintiff's Uncontested Petition for Award of

Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. #19, Petition).

Plaintiff's Petition requests an award of $3,760.00 in attorney fees and $350.00 in costs

payable out of the judgment fund (Doc. #19 at 4).  Plaintiff avers that pursuant to Local

Rule 3.01(g) Defendant's counsel was contacted and has no objection to the amount

sought by Plaintiff's counsel as set forth in the Petition (Doc. #19 at 2).  No opposition has

otherwise been filed.

Based upon the petition and information contained within the record, the Court

makes the following legal and factual findings:

1.     Attorney fees are authorized in this action because Plaintiff, having obtained

a sentence four remand/reversal denial of benefits, is a "prevailing party," Shalala v.

Schaefer, 509 U.S. 293, 300-02 (1993), the Commissioner failed to apply the proper legal

standards in evaluating the case, thus his position here was not substantially justified.

Moreover, Plaintiff filed a timely application for attorney fees and had a net worth of less

than $2,000,000.00 at the time the complaint was filed, and there are no special circumstances which would make the award unjust.  *See* 28 U.S.C. § 2412(d); Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

2.      The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. § 2412(d)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. § 406(b)(1)(A).  There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such an increase is not absolutely required.  Baber v. Sullivan, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing Baker v. Bowen, 839 F.2d 1075, 1084 (5th Cir. 1988).  Baker is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion.  *Id.*  Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $160.00 per hour for services provided in 2009 (Doc. #19 at 2-3). The Court has determined that a hourly rate of $160.00 per hour is reasonable when factoring in the

Consumer Price Index as a guide for an attorney in Jacksonville, Florida, to be compensated under the EAJA.[1]

3.      Plaintiff's counsel provided a copy of a document entitled "Plaintiff's Assignment of EAJA Fee" (Doc. #19 at 6).

As the Supreme Court recently held in the case of Astrue v. Ratliff, 130 S.Ct. 2521, (2010), the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses.  *See also*, Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1509-11 (11th Cir. 1988) (the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA).  The decision of the Eleventh Circuit in Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute.  The Reeves court succinctly stated the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services."  *Id*. at 736.

The Supreme Court's ruling in Ratliff is also in accord with the precedent within the Eleventh Circuit in finding an award of EAJA attorney fees may be offset by the government where the plaintiff owes pre-existing debts to the United States.  *See* Ratliff, 130 S.Ct. at 2524; *see also*, Reeves, 526 F.3d at 732 n.3 (finding the EAJA attorney fee award was subject to the plaintiff's debt under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a)) and 31 C.F.R. § 285.5 (detailing the centralized offset of federal payments

---

[1] The Court arrived at its conclusions by visiting the following website: www.minneapolisfed.org (last visited July 7, 2011).

to collect non-tax debts owed to the United States).

Ratliff acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice may continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney. Ratliff, 2528-29. Neither Panola nor Reeves squarely addresses the payment of EAJA fees directly to counsel when the prevailing plaintiff has assigned his or her interest to the attorney. In the past, this Court has followed the common practice of other courts in our district and directed payment of EAJA fees to counsel when an assignment of benefits was included with the counsel's petition. *See, e.g.*, Hagman v. Astrue, 546 F. Supp. 2d 1294, 1299 (M.D. Fla. 2007) (holding EAJA fees must be paid directly to Plaintiff's attorney when such request is made in the petition); Clopper v. Astrue, No. 3:08-cv-1055-J-TEM, 2010 WL 1911420 (M.D. Fla. May 12, 2010) (granting request for payment of EAJA fees to be made directly to attorney in accordance with the plaintiff's assignment of fees); Williams v. Comm. of Soc. Sec., No. 6:07-cv-212-ORL-KRS, 2008 U.S. Dist. LEXIS 31366, at *2-3 (M.D. Fla. Apr. 16, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); Stoykor-Adams v. Astrue, No. 8:06-cv-733-T-TBM, 2008 WL 508198, at *3 (M.D. Fla. Feb. 21, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff). Such practice, however, admittedly was permitted without the benefit of knowing whether or not the plaintiff as the prevailing party was responsible for debts owed to the government, and thus subject to offset. In light of Ratliff, this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those

4

fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.  The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees.

4.      The Court thus finds $3,760 ($160.00 x 23.5 hours) is a reasonable fee in this case.

5.      The Court further finds that $350.00 for filing fees is a reasonable claim for costs in this case under 28 U.S.C. § 2412(a)(1), (c)(1) and the Court will reimburse that cost.

Based on the foregoing, it is hereby **ORDERED**:

1.      Plaintiff's Petition for Award of Attorney Fees (Doc. #16) is **GRANTED**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,760 for attorney fees and $350.00 for costs.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of July, 2011.

Copies to all counsel of record

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

5